```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|   |   |   |
|---|---|---|
| MELISSA I. CRUZ, | : | CIVIL ACTION NO. 04-6238 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |   |
| VERIZON, INC., et al., | : |   |
| Defendants. | : |   |

**THE COURT** having ordered the plaintiff to show cause why the complaint should not be dismissed for lack of prosecution under Local Civil Rule 41.1(a) and Federal Rule of Civil Procedure ("Rule") 41(b) (dkt. entry no. 11); and the action having been pending for more than 120 days without the plaintiff taking any proceedings; and the plaintiff having been advised that the Court intended to dismiss the complaint unless good cause was shown for the lack of prosecution, see L.Civ.R. 41.1(a), see also Fed.R.Civ.P. 41(b) (stating complaint may be dismissed for failure to prosecute); and

**IT APPEARING** that a Court, when deciding whether to dismiss a complaint under Rule 41(b), must balance:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

>    alternative sanctions; and (6) the meritoriousness of
>    the claim or defense.

<u>Poulis v. State Farm Fire & Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984); and

**THE PLAINTIFF** failing to (1) respond to the Court's inquiry by the return date of August 31, 2006, or (2) prosecute the action for more than 120 days; and thus the Court concluding that the plaintiff has (1) become personally responsible for the delay, (2) become dilatory, and (3) demonstrated willful conduct; and thus the first, third, and fourth <u>Poulis</u> factors weighing against the plaintiff; and

**THE COURT** concluding the delay in prosecution has prejudiced the defendants in their defense of this action; and thus the second <u>Poulis</u> factor weighing against the plaintiff; and the Court affording the plaintiff — and the plaintiff failing to take advantage of — the opportunity to proceed; and the Court concluding a sanction other than dismissal will engender more delay and be ineffective; and thus the fifth <u>Poulis</u> factor weighing against the plaintiff; and the Court, due to the plaintiff's dilatory conduct, being unable to discern whether the claims herein have merit; and thus the Court deeming the sixth <u>Poulis</u> factor to be neutral; and

**THE COURT** balancing the aforementioned six factors; and it appearing that the complaint should be dismissed for failure to

prosecute; and thus the Court intending to (1) grant the order to show cause, and (2) dismiss the complaint for the plaintiff's failure to comply with Rule 41(b) and Local Civil Rule 41.1(a); and the Court, as to Local Civil Rule 41.1(a), being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, 98 Fed.Appx. 78, 82 n.3 (3d Cir. 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                         s/ Mary L. Cooper
                                        **MARY L. COOPER**
                                        United States District Judge